*63 Opinion of the Court.
THIS was an action of ejectment. Both the lessor of the plaintiff and the defendant claim title under their father, Moses Thomas. The lessor of the plaintiff derives title in virtue of a deed of gift made to him by his father in his lifetime, shortly before his death; and the defendant claims under the will of his father. The tract so conveyed to the lessor of the plaintiff, and that devised to the defendant interfere in a small part, which constitutes the subject of controversy in this suit. On the trial, after the defendant had read the will of his father in evidence, he offered testimony, for the purpose of proving that the lessor of the plaintiff had falsely represented to the testator, that he and his brother, the defendant, had come to an agreement to exchange a part of their lands, and thereby induced the testator to execute the deed to the lessor of the plaintiff, so as to include a part of the tract which he had designed for the defendant. To the admission of the testimony, for the purpose of proving the fraud in obtaining his deed, the lessor of the plaintiff objected ; but the court overruled the objection and permitted the testimony to go to the jury; to which the lessor of the plaintiff excepted, and a verdict and judgment having been rendered against him, he has brought the case to this court by writ of error.
1. The testimony objected to by the lessor of the plaintiff, was, we think, improperly admitted by the circuit court. The alleged fraud in obtaining the deed by the lessor of the plaintiff from his father, might, no doubt, if sufficiently proved, justify a court of equity in giving relief to the defendant; but it cannot, we apprehend, furnish a legitimate ground for an available defence at law.
2. It is true, where there is fraud in the execution of a deed, whereby it is rendered wholly void, the fraud may be taken advantage of in a court of law, as well as in a court of equity. But the alleged fraud, in this *64 case, was only in the inducement to the execution of the deed, and affects it only in part, and a small part too. As a deed cannot, under such circumstances be deemed wholly void, and as it would he manifestly absurd, to consider it void as to part, and good as to the residue, it is clear, that a court of law is incompetent to afford relief that would be commensurate with the demands of justice. Such relief, however, a court of equity is fully able to afford, not by treating the deed as void in any part, but by considering the lessor of the plaintiff as a trustee for the defendant, for so much of the land as he had improperly obtained a title to, and compelling him to surrender it.
The judgment must, therefore, be reversed with costs, and the cause be remanded, for new proceedings to be had, not inconsistent with the foregoing opinion.